UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DAVIS,

    Plaintiff,

                CASE NO. 11-CV-14347
v.                HONORABLE MARK A. GOLDSMITH

BRYANT L. CRUTCHER,

    Defendant.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.  Introduction**

  Plaintiff Leon Davis, a Michigan prisoner, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Bryant L. Crutcher, a Case Manager for the United States Court of Appeals for the Sixth Circuit.  Because Plaintiff names a federal employee as the sole defendant in this action, the Court construes his complaint as one brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In his complaint, Plaintiff appears to challenge the denial of his motion to file a second or successive habeas petition and the rejection of his pleadings for reconsideration, as well as the validity of his state criminal proceedings.  He seeks monetary damages and injunctive relief.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).

  Having reviewed the complaint, the Court concludes that it must be dismissed due to the named defendant's quasi-judicial immunity and for failure to state a claim upon which relief may be granted.  The Court also concludes that an appeal cannot be taken in good faith.

1

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff names Sixth Circuit Case Manager Bryant L. Crutcher as the sole defendant in this action. It is well-established, however, that judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously or corruptly); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to

quasi-judicial immunity); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator executing court order entitled to absolute immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit). Moreover, absolute immunity in a *Bivens* action has been extended to requests for injunctive or equitable relief. *See Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006). Plaintiff's claims regarding his federal habeas proceedings involve the performance of judicial and quasi-judicial duties. Defendant Crutcher is absolutely immune from suit for such conduct. Plaintiff's complaint against him must therefore be dismissed.

Additionally, to the extent that Plaintiff challenges his state criminal proceedings and current incarceration, he fails to state a claim upon which relief may be granted in this action. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To

the extent that Plaintiff contests his state criminal proceedings and continued confinement, his civil rights complaint is barred by *Heck* and must be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Defendant Crutcher is entitled to absolute quasi-judicial immunity in this action and that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court dismisses his civil rights complaint. The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.


Dated: November 10, 2011  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

4